1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
THOMAS E. MULVIHILL (SBN 129906)
2    E-Mail: Thomas.Mulvihill@lewisbrisbois.com
333 Bush Street, Suite 1100
3  San Francisco, California 94104-2872
Telephone:  (415) 362-2580
4  Facsimile: (415) 434-0882

5  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
JERRY GARCIA (SBN 131554)
6    E-Mail: Jerry.Garcia@lewisbrisbois.com
633 West 5th Street, Suite 4000
7  Los Angeles, California 90071
Telephone: (213) 250-1800
8  Facsimile: (213) 250-7900

9

10  Attorneys for Plaintiff
ATAIN SPECIALTY INSURANCE COMPANY

11

12  UNITED STATES DISTRICT COURT

13  NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

14

| | |
|---|---|
| 15  ATAIN   SPECIALTY   INSURANCE COMPANY, | CASE NO. |
| 16          Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF** |
| 17      vs. | |
| 18  COMMUNITY REBUILD PARTNERS, LLC; COMMUNITY REBUILD ASSET HOLDINGS,   LLC;   BRANDEE WINIKOFF, and SHAWN WINIKOFF, | |
| 20 | |
| 21          Defendants. | |

22

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

4851-1339-6668.1

1

COMPLAINT FOR DECLARATORY RELIEF

COMES NOW Plaintiff ATAIN SPECIALTY INSURANCE COMPANY ("ATAIN" or "Plaintiff"), and alleges as follows:

## JURISDICTION

1. This is an action for declaratory judgment pursuant to 28 U.S.C. §2201, in which the amount in controversy exceeds $75,000, exclusive of costs and interest. ("Instant Action") This Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a)(1) and (c)(1).

## VENUE

2. A substantial part of the events giving rise to the Instant Action and each of the Defendant's business activities and contacts within this judicial district are sufficient to subject Defendants to personal jurisdiction within this judicial district. Accordingly, venue is proper in the Northern District of California, Oakland Division, pursuant to 28 U.S.C. § 1391(a)(1) and (2), and 28 U.S.C. § 1391(d).

## PARTIES

3. ATAIN is, and at all times relevant hereto was, a corporation in good standing, organized and existing under the laws of the State of Michigan with its principal place of business in Farmington Hills, Michigan. Accordingly, ATAIN is a citizen of the State of Michigan for purposes of diversity jurisdiction.

4. ATAIN is informed and believes and based thereon alleges that Defendant COMMUNITY REBUILD PARTNERS, LLC ("CRP"), is a Delaware limited liability company with its principal place of business in California. Accordingly, CRP is a citizen of the States of Delaware and California for purposes of diversity jurisdiction.

5. ATAIN is informed and believes, and based thereon alleges, that Defendant COMMUNITY REBUILD ASSET HOLDINGS, LLC ("CRAH"), is a Delaware Limited Liability Company with its principal place of business in California. Accordingly, CRAH is a citizen of the States of Delaware and California for purposes of diversity jurisdiction.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

6.      ATAIN is informed and believes, and based thereon alleges that Defendant BRANDEE WINIKOFF is an individual person who resides in California. Accordingly, BRANDEE WINIKOFF is a citizen of the State of California for purposes of diversity jurisdiction.

7.      ATAIN is informed and believes, and based thereon alleges that Defendant SHAWN WINIKOFF is an individual person who resides in California. Accordingly, SHAWN WINIKOFF is a citizen of the State of California for purposes of diversity jurisdiction.   BRANDEE WINIKOFF and SHAWN WINIKOFF are collectively referred to as the "WINIKOFFS."

## FACTUAL ALLEGATIONS

### The Underlying Action

8.      On or about November 3, 2017, the WINIKOFFS filed a lawsuit in the Superior Court of the State of California, County of Alameda, Case No. RG17881286, styled *Brandee Winikoff and Shawn Winikoff v. Community Rebuild Partners LLC, et al.* ("Underlying Action").  A First Amended Complaint was filed in the Underlying Action on or about September 25, 2018 ("FAC"). A true and correct copy of the operative FAC is attached hereto as Exhibit A and incorporated by this reference.

9.      The Underlying Action presents principally as a suit for construction defects and the failure to disclose such defects to the residence located at 1893 Melvin Road, Oakland, California ("Property").  More specifically, the FAC alleges in relevant part as follows:

12.      Plaintiffs are informed and believe and thereon allege that defendants CRP and CRAH owned the real property consisting of a single-family dwelling located at 1893 Melvin Road, Oakland, California (hereinafter, the "Property") between 2014 and August, 2016.

13.      In or about June 22, 2016, Plaintiffs and defendant CRAH, on its own behalf, and on behalf of CRP (together "defendant Sellers"), entered into a contract for the purchase and sale of the Property for a purchase price of $1,795,000, and thereafter modified the contract in accordance with written addenda to the contract. The contract for the purchase and sale of the Property, together with addenda to said contract, are hereinafter referred to as the "Purchase Agreement", a copy of which is attached hereto as Exhibit A, and incorporated in full herein. Among other things, the Purchase

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-1339-6668.1
3
COMPLAINT FOR DECLARATORY RELIEF

Agreement requires the seller to deliver to the buyers fully completed disclosure documents, which obligated defendant Sellers to disclose to Plaintiff buyers all known material facts which may impact the value or desirability of the Property. Escrow closed on Plaintiffs' purchase of the Property on or about August 2, 2016.

14.     Defendants CRAH and CRP marketed the Property as a "flawless contemporary remodel" and misrepresented that the Property was free of defective and malfunctioning conditions, free of conditions that were not in compliance with applicable building codes, free of water intrusion, leaks, moisture penetration, mold and mildew, and was free of other material defects affecting the value and desirability of the Property. Plaintiffs are informed and believe and thereon allege that when they made the misrepresentations and failed to disclose the defective condition of the property as alleged herein, defendants CRAH and CRP had actual or constructive knowledge of the defective condition of the Property.

*       *       *       *

18.     Plaintiffs moved into the Property on or about August 3, 2016, after which Plaintiffs discovered among other conditions that adversely affect the value and desirability of the Property, the following: 1) that the Property suffers from persistent, serious and extensive water infiltration problems, 2) that the Property's roofing components, exterior cladding and stucco, flashing, decks, balconies, windows, and sliding glass doors were designed, constructed, renovated and installed in a negligent, substandard and defective manner, and 3) that the Property suffers from multiple other design, construction, renovation, installation and environmental hazard deficiencies, including, but not limited to, substandard structural, electrical, mechanical, HVAC and plumbing systems. Plaintiffs also discovered mold and fungal growth after moving in. No disclosure of mold was made to Plaintiffs prior to close of escrow.

19.     Defendants CRAH and CRP made the false, incomplete, partial and misleading disclosures, misrepresentations, and concealment of material facts to Plaintiffs relating to the condition of the Property as alleged above in order to induce Plaintiffs to purchase the Property for $1,795,000.

20.     Plaintiffs have been damaged as a direct, proximate and legal result of the wrongful acts and omissions of defendants, and each of them, as alleged herein, in that: (1) the Property's value was and is substantially diminished; (2) Plaintiffs have and will incur substantial out-of-pocket expenditures, inclusive of the cost of consultants, design professionals and contractors, to investigate and repair the defective and undisclosed conditions; (3) Plaintiffs have been deprived of the benefit of their bargain in purchasing the Property, including the loss of future profits from the sale of the Property; (4) Plaintiffs have incurred and will continue to incur substantial legal fees and costs in enforcing their legal rights' against defendants; (5) Plaintiffs have been deprived of the quiet enjoyment and use of the Property as a result of the defective conditions; (6) Plaintiffs have incurred additional living expenses and will incur relocation and rental expenses as a result of the defective conditions.

(FAC, pp. 3-5.)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

10.     Based upon the aforementioned allegations in the FAC, the FAC states causes of action against CRP and CRAH for (1) Breach of Contract, (2) Negligent Misrepresentation, (3) Breach of Civil Code Section 1102 Statutory Duty, (4) Rescission, (5) Negligence, and (7) Breach of Implied Warranty. (The Sixth Cause of Action is alleged against Marell Inspections Services, Inc., which has no claim for coverage under the Policies and for this reason, the cause of action and Marell are not discussed in the Instant Action.)

## THE ATAIN POLICIES

11.     ATAIN issued Commercial General Liability Policy No. CIP191939, effective from December 27, 2013 to December 27, 2014 ("2014 Policy"); Policy No. CIP239582, effective from December 27, 2014 to December 27, 2015 ("2015 Policy"); Policy No. CIP275237, effective from December 27, 2015 to December 27, 2016 ("2016 Policy"); and Policy No. CIP308699, effective from December 27, 2016 to December 27, 2017 ("2017 Policy") (collectively, "Policies").  CRP and CRAH are named insureds under the Policies. Each of the Policies has a $1 million each occurrence limit subject to a $2 million general aggregate limit and a $2 million products/completed operations limit, and a $1,000 deductible for bodily injury and property damage liability combined. A true and correct copy of the Policies are attached hereto, respectively, as Exhibits B through E, and are incorporated herein by reference.

12.     Paragraph **1. Insuring Agreement** of **Section I – Coverages Coverage A Bodily Injury and Property Damage Liability** of the Policies provides, *inter alia*, that ATAIN will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which the Policies apply; that ATAIN has the right and duty to defend the insured against any "suit" seeking those damages; that ATAIN will have no duty to defend the insured against any "suit" for "bodily injury" or "property damage" to which this insurance does not apply; and that the insurance applies to "bodily injury" and "property damage" only if the "bodily

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

injury" or "property damage" is  caused by an "occurrence" and occurs during the policy period ("Insuring Agreement requirement").

13.     The Policies contain Exclusion j. (5), which provides in relevant part that: "This insurance does not apply to: . . . That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations" ("Exclusion j.(5)").

14.     The Policies contain Exclusion j. (6), which provides in relevant part that: "This insurance does not apply to: . . . That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it" ("Exclusion j. (6)").

15.     The Policies contain Exclusion l., which provides in relevant part that: "This insurance does not apply to: . . . "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard." This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor." ("Exclusion l.").

16.     The Policies contain Exclusion m., which provides in relevant part that: "This insurance does not apply to: . . . "Property damage" to "impaired property" or property that has not been physically injured, arising out of: (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work;" or (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms. This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use" ("Exclusion m.").

17.     The Policies contain Roofing Operations Endorsements, which provides in relevant part that: "The contractor shall cover all "open roofs" if the roof is to be left unattended.  Contractor must take "appropriate" steps to determine adverse weather and must take "appropriate" temporary waterproof covering, able to withstand the elements.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    If contractor fails to do either, any resulting "property damage" to any building or

2    structure or its contents will not be covered by this policy" ("Roofing Operations

3    Endorsement").

4        18.    The Policies contain Malpractice and Professional Services Exclusions,

5    which provides in relevant part that: "This insurance does not apply to: "Bodily injury,"

6    "property damage" or "personal and advertising injury" including payment for loss or

7    defense costs in connection with any claim made against any insured based upon,

8    arising out of, directly or indirectly resulting from, in consequence of, or in any way

9    involving the rendering or failure to render any professional service by, but not limited

10   to, any Accountant, Architect, Engineer, Insurance Agent or Broker, Lawyer, Medical

11   Professional or Real Estate Agent Broker, or any other service that is of a professional

12   nature ("Malpractice and Professional Services Exclusion")."

13       19.    The Policies contain Fungi or Bacteria Exclusions, which provides in

14   relevant part that: "This insurance does not apply to Fungi Or Bacteria a. "Bodily

15   injury" or "property damage" which would not have occurred, in whole or in part, but

16   for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure

17   to, existence of, or presence of, any "fungi" or bacteria on or within a building or

18   structure, including its contents, regardless of whether any other cause, event, material

19   or product contributed concurrently or in any sequence to such injury or damage. b.

20   Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning

21   up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing

22   of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any

23   insured or by any other person or entity ("Fungi or Bacteria Exclusion")."

24       20.    The Policies contain the Anti-Stacking and Nonduplication of Limits of

25   Insurance provision under the Policies, which states in relevant part that the limits

26   under the Policies "shall not exceed the highest applicable Limit of Insurance available

27   under any one Coverage Form, Coverage Part or policy" ("Anti-Stacking provision").

28   / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

21.     The Policies contain Supplementary Payments provisions, which provide in relevant part that "We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend: … e. All court costs taxed against the insured in the "suit."  However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured" ("Supplementary Payments provision").

22.     ATAIN brings the Instant Action to obtain a judicial determination that it owes no potential duty to indemnify CRP and CRAH under the Policies in the Underlying Action because the provisions, exclusions, terms, and conditions of the Policies, including but not limited to the above-cited policy provisions, serve to bar and/or limit coverage for CRP and CRAH under the Policies.

23.     ATAIN seeks a declaration with respect to the WINIKOFFS that any determination regarding coverage under the Policies is binding upon them.

## TENDER OF THE UNDERLYING ACTION

24.     CRP and CRAH tendered the defense and indemnity of the Underlying Action to ATAIN.  ATAIN agreed to defend CRP and CRAH in the Underlying Action subject to a reservation of rights, including the right to seek a judicial declaration that there is no duty to indemnify CRP and CRAH under the Policies.

## FIRST CAUSE OF ACTION

**(Declaratory Judgment –Duty to Indemnify (Breach of Contract, Negligent Misrepresentation, Breach of Civil Code Section 1102, and Rescission Claims) Against All Defendants)**

25.     ATAIN incorporates herein by reference, as though fully set forth, the allegations contained in paragraphs 1 through 24 above.

26.     The Breach of Contract, Negligent Misrepresentation, Breach of Civil Code Section 1102, and Rescission Claims in the FAC allege that CRP and CRAH made material misrepresentations and/or concealed material facts from the WINIKOFFS that resulted in damages and/or require the rescission of the Purchase

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Agreement.  The acts giving rise to these causes of action are not accidental and thus do

2   not qualify as an "occurrence" as that term is defined in the Policies.

3       27.     ATAIN contends that no potential duty to indemnify is triggered as to the

4   causes of action for Breach of Contract, Negligent Misrepresentation, Breach of Civil

5   Code Section 1102, and Rescission Claims in the FAC as these causes of action do not

6   potentially give rise to covered damages caused by an "occurrence" as required by the

7   Insuring Agreement to the Policies, whereas CRP and CRAH deny this contention.

8       28.     A justiciable controversy exists between ATAIN on the one hand, and

9   CRP and CRAH on the other hand, concerning ATAIN's obligation to indemnify CRP

10  and CRAH under the Policies with respect to the Breach of Contract, Negligent

11  Misrepresentation, Breach of Civil Code Section 1102, and Rescission Claims.

12      29.     ATAIN desires a judicial determination with respect to the rights, duties,

13  and obligations of ATAIN as to the duty to indemnify CRP and CRAH against the

14  Breach of Contract, Negligent Misrepresentation, Breach of Civil Code Section 1102,

15  and Rescission Claims under the terms and conditions of the Policies in order to bind

16  all Defendants to the determination of this Court. Such a determination is necessary and

17  appropriate at this time in order that the parties may ascertain their respective rights,

18  duties, and obligations.

19      30.     ATAIN has no adequate remedy at law to resolve the aforesaid

20  controversy.

21                          **SECOND CAUSE OF ACTION**

22  **(Declaratory Judgment – No Duty to Indemnify Based on Roofing Components**

23                **Claims Against All Defendants)**

24      31.     ATAIN incorporates herein by reference, as though fully set forth, the

25  allegations contained in paragraphs 1 through 30 above.

26      32.     The "roofing components" claims in the FAC allege the defective design

27  and construction of the roofs at the Property. (*See* para. 18 of the FAC at p. 4 *supra*.)

28  Any damage to the roofs from defective design and/or construction does not result in

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   damages because of "property damage" to which the Policies apply.  Therefore, the

2   damage to the roof's aspect of the "roofing components" claims fails to meet the

3   Insuring Agreement requirement. Additionally, indemnity coverage for the "roofing

4   components" claims under the Policies is barred by Exclusions j. (5), j. (6), l., and m.,

5   as well as the Roofing Operations Endorsement, the Malpractice and Professional

6   Services Exclusion, and the Fungi or Bacteria Exclusion.

7         33.     ATAIN avers that it owes no potential duty to indemnify CRP and CRAH

8   for the "roofing components" claims based on the Insuring Agreement requirement,

9   Exclusions j. (5), j. (6), l., and m., the Roofing Operations Endorsement, the

10   Malpractice and Professional Services Exclusion, and the Fungi or Bacteria Exclusion.

11   CRP and CRAH deny this contention.

12         34.     A justiciable controversy exists between ATAIN on the one hand, and

13   CRP and CRAH on the other hand, concerning ATAIN's obligation to indemnify CRP

14   and CRAH under the Policies with respect to the "roofing components" claims.

15         35.     ATAIN desires a judicial determination with respect to the rights, duties,

16   and obligations of ATAIN as to the duty to indemnify CRP and CRAH against the

17   "roofing components" claims under the terms and conditions of the Policies in order to

18   bind all Defendants to the determination of this Court. Such a determination is

19   necessary and appropriate at this time in order that the parties may ascertain their

20   respective rights, duties, and obligations.

21         36.     ATAIN has no adequate remedy at law to resolve the aforesaid

22   controversy.

23                        **THIRD CAUSE OF ACTION**

24   **(Declaratory Judgment – No Duty to Indemnify Based on Exterior Cladding**

25              **and Stucco Claims Against All Defendants)**

26         37.     ATAIN incorporates herein by reference, as though fully set forth, the

27   allegations contained in paragraphs 1 through 36 above.

28   / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

38.     The "exterior cladding and stucco" claims in the FAC allege the defective design and construction of the exterior cladding and stucco at the Property. (*See para.* 18 of the FAC at p. 4 *supra*.) Any damage to the exterior cladding and stucco from defective design and/or construction does not result in damages because of "property damage" to which the Policies apply.  Therefore, the damage to the exterior cladding and stucco aspect of the "exterior cladding and stucco" claims fails to meet the Insuring Agreement requirement. Additionally, indemnity coverage for the "exterior cladding and stucco" claims under the Policies is barred by Exclusions j. (5), j. (6), l., and m., as well as the Roofing Operations Endorsement, the Malpractice and Professional Services Exclusion, and the Fungi or Bacteria Exclusion.

39.     ATAIN avers that it owes no potential duty to indemnify CRP and CRAH for the "exterior cladding and stucco" claims based on the Insuring Agreement requirement, Exclusions j. (5), j. (6), l., and m., the Roofing Operations Endorsement, the Malpractice and Professional Services Exclusion, and the Fungi or Bacteria Exclusion.  CRP and CRAH deny this contention.

40.     A justiciable controversy exists between ATAIN on the one hand, and CRP and CRAH on the other hand, concerning ATAIN's obligation to indemnify CRP and CRAH under the Policies with respect to the "exterior cladding and stucco" claims.

41.     ATAIN desires a judicial determination with respect to the rights, duties, and obligations of ATAIN as to the duty to indemnify CRP and CRAH against the "exterior cladding and stucco" claims under the terms and conditions of the Policies in order to bind all Defendants to the determination of this Court. Such a determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights, duties, and obligations.

42.     ATAIN has no adequate remedy at law to resolve the aforesaid controversy.

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-1339-6668.1
11
COMPLAINT FOR DECLARATORY RELIEF

**FOURTH CAUSE OF ACTION**

**(Declaratory Judgment – No Duty to Indemnify Based on Flashing Claims Against All Defendants)**

43.    ATAIN incorporates herein by reference, as though fully set forth, the allegations contained in paragraphs 1 through 42.

44.    The "flashing" claims in the FAC allege the defective design and construction of the roofs at the Property. (*See* para. 18 of the FAC at p. 4 *supra*.) Any damage to the flashing from defective design and/or construction does not result in damages because of "property damage" to which the Policies apply.  Therefore, the damage to the flashing aspect of the "flashing" claims fails to meet the Insuring Agreement requirement. Additionally, indemnity coverage for the "flashing" claims under the Policies is barred by Exclusions j. (5), j. (6), l., and m., as well as the Roofing Operations Endorsement, the Malpractice and Professional Services Exclusion, and the Fungi or Bacteria Exclusion.

45.    ATAIN avers that it owes no potential duty to indemnify CRP and CRAH for the "flashing" claims based on the Insuring Agreement requirement, Exclusions j. (5), j. (6), l., and m., the Roofing Operations Endorsement, the Malpractice and Professional Services Exclusion, and the Fungi or Bacteria Exclusion.  CRP and CRAH deny this contention.

46.    A justiciable controversy exists between ATAIN on the one hand, and CRP and CRAH on the other hand, concerning ATAIN's obligation to indemnify CRP and CRAH under the Policies with respect to the "flashing" claims.

47.    ATAIN desires a judicial determination with respect to the rights, duties, and obligations of ATAIN as to the duty to indemnify CRP and CRAH against the "flashing" claims under the terms and conditions of the Policies in order to bind all Defendants to the determination of this Court. Such a determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights, duties, and obligations.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

48.   ATAIN has no adequate remedy at law to resolve the aforesaid controversy.

**FIFTH CAUSE OF ACTION**

**(Declaratory Judgment – No Duty to Indemnify Based on Decks Claims Against All Defendants)**

49.   ATAIN incorporates herein by reference, as though fully set forth, the allegations contained in paragraphs 1 through 48 above.

50.   The "decks" claims in the FAC allege the defective design and construction of the roofs at the Property. (*See* para. 18 of the FAC at p. 4 *supra*.) Any damage to the decks from defective design and/or construction does not result in damages because of "property damage" to which the Policies apply.  Therefore, the damage to the decks aspect of the "decks" claims fails to meet the Insuring Agreement requirement. Additionally, indemnity coverage for the "decks" claims under the Policies is barred by Exclusions j. (5), j. (6), l., and m., as well as the Roofing Operations Endorsement, the Malpractice and Professional Services Exclusion, and the Fungi or Bacteria Exclusion.

51.   ATAIN avers that it owes no potential duty to indemnify CRP and CRAH for the "decks" claim based on the Insuring Agreement requirement, Exclusions j. (5), j. (6), l., and m., the Roofing Operations Endorsement, the Malpractice and Professional Services Exclusion, and the Fungi or Bacteria Exclusion.  CRP and CRAH deny this contention.

52.   A justiciable controversy exists between ATAIN on the one hand, and CRP and CRAH on the other hand, concerning ATAIN's obligation to indemnify CRP and CRAH under the Policies with respect to the "decks" claims.

53.   ATAIN desires a judicial determination with respect to the rights, duties, and obligations of ATAIN as to the duty to indemnify CRP and CRAH against the "decks" claims under the terms and conditions of the Policies in order to bind all Defendants to the determination of this Court. Such a determination is necessary and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  appropriate at this time in order that the parties may ascertain their respective rights,

2  duties, and obligations.

3      54.   ATAIN has no adequate remedy at law to resolve the aforesaid

4  controversy.

5  <center>**SIXTH CAUSE OF ACTION**</center>

6  <center>**(Declaratory Judgment – No Duty to Indemnify Based on Balconies Claims**</center>

7  <center>**Against All Defendants)**</center>

8      55.   ATAIN incorporates herein by reference, as though fully set forth, the

9  allegations contained in paragraphs 1 through 54 above.

10      56.   The "balconies" claims in the FAC allege the defective design and

11  construction of the balconies at the Property. (*See* para. 18 of the FAC at p. 4 *supra*.)

12  Any damage to the balconies from defective design and/or construction does not result

13  in damages because of "property damage" to which the Policies apply. Therefore, the

14  damage to the balconies aspect of the "balconies" claims fails to meet the Insuring

15  Agreement requirement. Additionally, indemnity coverage for the "balconies" claims

16  under the Policies is barred by Exclusions j. (5), j. (6), l., and m., as well as the Roofing

17  Operations Endorsement, the Malpractice and Professional Services Exclusion, and the

18  Fungi or Bacteria Exclusion.

19      57.   ATAIN avers that it owes no potential duty to indemnify CRP and CRAH

20  for the "balconies" claims based on the Insuring Agreement requirement, Exclusions j.

21  (5), j. (6), l., and m., the Roofing Operations Endorsement, the Malpractice and

22  Professional Services Exclusion, and the Fungi or Bacteria Exclusion. CRP and CRAH

23  deny this contention.

24      58.   A justiciable controversy exists between ATAIN on the one hand, and

25  CRP and CRAH on the other hand, concerning ATAIN's obligation to indemnify CRP

26  and CRAH under the Policies with respect to the "balconies" claims.

27  / / /

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-1339-6668.1
14
COMPLAINT FOR DECLARATORY RELIEF

59.     ATAIN desires a judicial determination with respect to the rights, duties, and obligations of ATAIN as to the duty to indemnify CRP and CRAH against the "balconies" claims under the terms and conditions of the Policies in order to bind all Defendants to the determination of this Court. Such a determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights, duties, and obligations.

60.     ATAIN has no adequate remedy at law to resolve the aforesaid controversy.

## SEVENTH CAUSE OF ACTION

### (Declaratory Judgment – No Duty to Indemnify Based on Windows Claims Against All Defendants)

61.     ATAIN incorporates herein by reference, as though fully set forth, the allegations contained in paragraphs 1 through 60 above.

62.     The "windows" claims in the FAC allege the defective design and construction of the windows at the Property. (*See* para. 18 of the FAC at p. 4 *supra*.) Any damage to the windows from defective design and/or construction does not result in damages because of "property damage" to which the Policies apply.  Therefore, the damage to the windows aspect of the "windows" claims fails to meet the Insuring Agreement requirement. Additionally, indemnity coverage for the "windows" claims under the Policies is barred by Exclusions j. (5), j. (6), l., and m., as well as the Roofing Operations Endorsement, the Malpractice and Professional Services Exclusion, and the Fungi or Bacteria Exclusion.

63.     ATAIN avers that it owes no potential duty to indemnify CRP and CRAH for the "windows" claims based on the Insuring Agreement requirement, Exclusions j. (5), j. (6), l., and m., the Roofing Operations Endorsement, the Malpractice and Professional Services Exclusion, and the Fungi or Bacteria Exclusion.  CRP and CRAH deny this contention.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

64.     A justiciable controversy exists between ATAIN on the one hand, and CRP and CRAH on the other hand, concerning ATAIN's obligation to indemnify CRP and CRAH under the Policies with respect to the "windows" claims.

65.     ATAIN desires a judicial determination with respect to the rights, duties, and obligations of ATAIN as to the duty to indemnify CRP and CRAH against the "windows" claims under the terms and conditions of the Policies in order to bind all Defendants to the determination of this Court. Such a determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights, duties, and obligations.

66.     ATAIN has no adequate remedy at law to resolve the aforesaid controversy.

## EIGHTH CAUSE OF ACTION

### (Declaratory Judgment – No Duty to Indemnify Based on Sliding Glass Doors Claims Against All Defendants)

67.     ATAIN incorporates herein by reference, as though fully set forth, the allegations contained in paragraphs 1 through 66 above.

68.     The "sliding glass doors" claims in the FAC allege the defective design and construction of the sliding glass doors at the Property. (*See* para. 18 of the FAC at p. 4 *supra*.) Any damage to the sliding glass doors from their defective design and/or construction does not result in damages because of "property damage" to which the Policies apply.  Therefore, the damage to the sliding glass doors aspect of the "sliding glass doors" claims fails to meet the Insuring Agreement requirement. Additionally, indemnity coverage for the "sliding glass doors" claims under the Policies is barred by Exclusions j. (5), j. (6), l., and m., as well as the Roofing Operations Endorsement, the Malpractice and Professional Services Exclusion, and the Fungi or Bacteria Exclusion.

69.     ATAIN avers that it owes no potential duty to indemnify CRP and CRAH for the "sliding glass doors" claims based on the Insuring Agreement requirement, Exclusions j. (5), j. (6), l., and m., the Roofing Operations Endorsement, the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Malpractice and Professional Services Exclusion, and the Fungi or Bacteria Exclusion.

2  CRP and CRAH deny this contention.

3      70.     A justiciable controversy exists between ATAIN on the one hand, and

4  CRP and CRAH on the other hand, concerning ATAIN's obligation to indemnify CRP

5  and CRAH under the Policies with respect to the "sliding glass doors" claims.

6      71.     ATAIN desires a judicial determination with respect to the rights, duties,

7  and obligations of ATAIN as to the duty to indemnify CRP and CRAH against the

8  "sliding glass doors" claims under the terms and conditions of the Policies in order to

9  bind all Defendants to the determination of this Court. Such a determination is

10  necessary and appropriate at this time in order that the parties may ascertain their

11  respective rights, duties, and obligations.

12      72.     ATAIN has no adequate remedy at law to resolve the aforesaid

13  controversy

14              **NINTH CAUSE OF ACTION**

15  **(Declaratory Judgment – No Duty to Indemnify Based on Structural Claims**

16                    **Against All Defendants)**

17      73.     ATAIN incorporates herein by reference, as though fully set forth, the

18  allegations contained in paragraphs 1 through 72 above.

19      74.     The "structural" claims in the FAC allege the defective design and

20  construction of the structure of the Property. (*See* para. 18 of the FAC at p. 4 *supra*.)

21  Any damage to the structure of the Property from defective design and/or construction

22  does not result in damages because of "property damage" to which the Policies apply.

23  Therefore, the damage to the structure of the Property aspect of the "structural" claims

24  fails to meet the Insuring Agreement requirement. Additionally, indemnity coverage for

25  the "structural" claims under the Policies is barred by Exclusions j. (5), j. (6), l., and m.,

26  as well as the Roofing Operations Endorsement, the Malpractice and Professional

27  Services Exclusion, and the Fungi or Bacteria Exclusion.

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

75.     ATAIN avers that it owes no potential duty to indemnify CRP and CRAH for the "structural" claims based on the Insuring Agreement requirement, Exclusions j. (5), j. (6), l., and m., the Roofing Operations Endorsement, the Malpractice and Professional Services Exclusion, and the Fungi or Bacteria Exclusion.  CRP and CRAH deny this contention.

76.     A justiciable controversy exists between ATAIN on the one hand, and CRP and CRAH on the other hand, concerning ATAIN's obligation to indemnify CRP and CRAH under the Policies with respect to the "structural" claims.

77.     ATAIN desires a judicial determination with respect to the rights, duties, and obligations of ATAIN as to the duty to indemnify CRP and CRAH against the "structural" claims under the terms and conditions of the Policies in order to bind all Defendants to the determination of this Court. Such a determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights, duties, and obligations.

78.     ATAIN has no adequate remedy at law to resolve the aforesaid controversy.

### **TENTH CAUSE OF ACTION**

### **(Declaratory Judgment – No Duty to Indemnify Based on Electrical Claims Against All Defendants)**

79.     ATAIN incorporates herein by reference, as though fully set forth, the allegations contained in paragraphs 1 through 78 above.

80.     The "electrical" claims in the FAC allege the defective design and construction of the electrical system at the Property. (*See* para. 18 of the FAC at p. 4 *supra*.) Any damage to the electrical system from defective design and/or construction does not result in damages because of "property damage" to which the Policies apply. Therefore, the damage to the electrical system aspect of the "electrical" claims fails to meet the Insuring Agreement requirement. Additionally, indemnity coverage for the "electrical" claims under the Policies is barred by Exclusions j. (5), j. (6), l., and m., as

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

well as the Roofing Operations Endorsement, the Malpractice and Professional Services Exclusion, and the Fungi or Bacteria Exclusion.

81. ATAIN avers that it owes no potential duty to indemnify CRP and CRAH for the "electrical" claims based on the Insuring Agreement requirement, Exclusions j. (5), j. (6), l., and m., the Roofing Operations Endorsement, the Malpractice and Professional Services Exclusion, and the Fungi or Bacteria Exclusion. CRP and CRAH deny this contention.

82. A justiciable controversy exists between ATAIN on the one hand, and CRP and CRAH on the other hand, concerning ATAIN's obligation to indemnify CRP and CRAH under the Policies with respect to the "electrical" claims.

83. ATAIN desires a judicial determination with respect to the rights, duties, and obligations of ATAIN as to the duty to indemnify CRP and CRAH against the "electrical" claims under the terms and conditions of the Policies in order to bind all Defendants to the determination of this Court. Such a determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights, duties, and obligations.

84. ATAIN has no adequate remedy at law to resolve the aforesaid controversy.

## ELEVENTH CAUSE OF ACTION

### (Declaratory Judgment – No Duty to Indemnify Based on Mechanical Claims Against All Defendants)

85. ATAIN incorporates herein by reference, as though fully set forth, the allegations contained in paragraphs 1 through 84 above.

86. The "mechanical" claims in the FAC allege the defective design and construction of the mechanical system at the Property. (*See* para. 18 of the FAC at p. 4 *supra*.) Any damage to the mechanical system from defective design and/or construction does not result in damages because of "property damage" to which the Policies apply. Therefore, the damage to the mechanical system aspect of the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

"mechanical" claims fails to meet the Insuring Agreement requirement. Additionally, indemnity coverage for the "mechanical" claims under the Policies is barred by Exclusions j. (5), j. (6), l., and m., as well as the Roofing Operations Endorsement, the Malpractice and Professional Services Exclusion, and the Fungi or Bacteria Exclusion.

87.     ATAIN avers that it owes no potential duty to indemnify CRP and CRAH for the "mechanical" claims based on the Insuring Agreement requirement, Exclusions j. (5), j. (6), l., and m., the Roofing Operations Endorsement, the Malpractice and Professional Services Exclusion, and the Fungi or Bacteria Exclusion.  CRP and CRAH deny this contention.

88.     A justiciable controversy exists between ATAIN on the one hand, and CRP and CRAH on the other hand, concerning ATAIN's obligation to indemnify CRP and CRAH under the Policies with respect to the "mechanical" claims.

89.     ATAIN desires a judicial determination with respect to the rights, duties, and obligations of ATAIN as to the duty to indemnify CRP and CRAH against the "mechanical" claims under the terms and conditions of the Policies in order to bind all Defendants to the determination of this Court. Such a determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights, duties, and obligations.

90.     ATAIN has no adequate remedy at law to resolve the aforesaid controversy.

## **TWELFTH CAUSE OF ACTION**

### **(Declaratory Judgment – No Duty to Indemnify Based on HVAC Claims Against All Defendants)**

91.     ATAIN incorporates herein by reference, as though fully set forth, the allegations contained in paragraphs 1 through 90 above.

92.     The "HVAC" claims in the FAC allege the defective design and construction of the HVAC system at the Property. (*See* para. 18 of the FAC at p. 4 *supra*.) Any damage to the HVAC system from defective design and/or construction

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-1339-6668.1

20

COMPLAINT FOR DECLARATORY RELIEF

does not result in damages because of "property damage" to which the Policies apply. Therefore, the damage to the HVAC system aspect of the "HVAC" claims fails to meet the Insuring Agreement requirement. Additionally, indemnity coverage for the "HVAC" claims under the Policies is barred by Exclusions j. (5), j. (6), l., and m., as well as the Roofing Operations Endorsement, the Malpractice and Professional Services Exclusion, and the Fungi or Bacteria Exclusion.

93.    ATAIN avers that it owes no potential duty to indemnify CRP and CRAH for the "HVAC" claims based on the Insuring Agreement requirement, Exclusions j. (5), j. (6), l., and m., the Roofing Operations Endorsement, the Malpractice and Professional Services Exclusion, and the Fungi or Bacteria Exclusion. CRP and CRAH deny this contention.

94.    A justiciable controversy exists between ATAIN on the one hand, and CRP and CRAH on the other hand, concerning ATAIN's obligation to indemnify CRP and CRAH under the Policies with respect to the "HVAC" claims.

95.    ATAIN desires a judicial determination with respect to the rights, duties, and obligations of ATAIN as to the duty to indemnify CRP and CRAH against the "HVAC" claims under the terms and conditions of the Policies in order to bind all Defendants to the determination of this Court. Such a determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights, duties, and obligations.

96.    ATAIN has no adequate remedy at law to resolve the aforesaid controversy.

## THIRTEENTH CAUSE OF ACTION

### (Declaratory Judgment – No Duty to Indemnify Based on Plumbing Claims Against All Defendants)

97.    ATAIN incorporates herein by reference, as though fully set forth, the allegations contained in paragraphs 1 through 96 above.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-1339-6668.1
21
COMPLAINT FOR DECLARATORY RELIEF

98.   The "plumbing" claims in the FAC allege the defective design and construction of the plumbing system at the Property. (*See* para. 18 of the FAC at p. 4 *supra*.) Any damage to the plumbing system from defective design and/or construction does not result in damages because of "property damage" to which the Policies apply. Therefore, the damage to the plumbing system aspect of the "plumbing" claims fails to meet the Insuring Agreement requirement. Additionally, indemnity coverage for the "plumbing" claims under the Policies is barred by Exclusions j. (5), j. (6), l., and m., as well as the Roofing Operations Endorsement, the Malpractice and Professional Services Exclusion, and the Fungi or Bacteria Exclusion.

99.   ATAIN avers that it owes no potential duty to indemnify CRP and CRAH for the "plumbing" claims based on the Insuring Agreement requirement, Exclusions j. (5), j. (6), l., and m., the Roofing Operations Endorsement, the Malpractice and Professional Services Exclusion, and the Fungi or Bacteria Exclusion.  CRP and CRAH deny this contention.

100.   A justiciable controversy exists between ATAIN on the one hand, and CRP and CRAH on the other hand, concerning ATAIN's obligation to indemnify CRP and CRAH under the Policies with respect to the "plumbing" claims.

101.   ATAIN desires a judicial determination with respect to the rights, duties, and obligations of ATAIN as to the duty to indemnify CRP and CRAH against the "plumbing" claims under the terms and conditions of the Policies in order to bind all Defendants to the determination of this Court. Such a determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights, duties, and obligations.

102.   ATAIN has no adequate remedy at law to resolve the aforesaid controversy.

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-1339-6668.1

22

COMPLAINT FOR DECLARATORY RELIEF

**FOURTEENTH CAUSE OF ACTION**

**(Declaratory Judgment – No Duty to Indemnify Based on Mold and Fungal Growth Claims Against All Defendants)**

103.   ATAIN incorporates herein by reference, as though fully set forth, the allegations contained in paragraphs 1 through 102 above.

104.   The "mold and fungal growth" claims in the FAC allege that the defective design and construction of the Property resulted in mold and fungal growth. (*See* para. 18 of the FAC at p. 4 *supra*.) Any mold and fungal growth damage to the Property does not result in damages because of "property damage" to which the Policies apply. Therefore, the "mold and fungal growth" claims fails to meet the Insuring Agreement requirement. Additionally, indemnity coverage for the "mold and fungal growth" claims under the Policies is barred by Exclusions j. (5), j. (6), l., and m., as well as the Roofing Operations Endorsement, the Malpractice and Professional Services Exclusion, and the Fungi or Bacteria Exclusion.

105.   ATAIN avers that it owes no potential duty to indemnify CRP and CRAH for the "mold and fungal growth" claims based on the Insuring Agreement requirement, Exclusions j. (5), j. (6), l., and m., the Roofing Operations Endorsement, the Malpractice and Professional Services Exclusion, and the Fungi or Bacteria Exclusion. CRP and CRAH deny this contention.

106.   A justiciable controversy exists between ATAIN on the one hand, and CRP and CRAH on the other hand, concerning ATAIN's obligation to indemnify CRP and CRAH under the Policies with respect to the "mold and fungal growth" claims.

107.   ATAIN desires a judicial determination with respect to the rights, duties, and obligations of ATAIN as to the duty to indemnify CRP and CRAH against the "mold and fungal growth" claims under the terms and conditions of the Policies in order to bind all Defendants to the determination of this Court. Such a determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights, duties, and obligations.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    108.   ATAIN has no adequate remedy at law to resolve the aforesaid

2    controversy.

3                        **FIFTHEENTH CAUSE OF ACTION**

4    **(Declaratory Judgment – No Duty to Indemnify Based on Attorney's Fees**

5                    **Claims Against All Defendants)**

6    109.   ATAIN incorporates herein by reference, as though fully set forth, the

7    allegations contained in paragraphs 1 through 108 above.

8    110.   The "Attorney's Fees" claims in the FAC allege that the CRP and CRAH

9    are liable for the attorney's fees incurred by the WINIKOFFS in the Underlying Action.

10   However, the Supplementary Payments provision under the Policies bars coverage for

11   any award of attorney's fees against CRP and CRAH in the Underlying Action.

12   Therefore, ATAIN has no duty to indemnify CRP and CRAH against the "Attorney's

13   Fees" claims.

14   111.   ATAIN avers that it owes no potential duty to indemnify CRP and CRAH

15   for the "Attorney's Fees" claims.  CRP and CRAH deny this contention.

16   112.   A justiciable controversy exists between ATAIN on the one hand, and

17   CRP and CRAH on the other hand, concerning ATAIN's obligation to indemnify CRP

18   and CRAH under the Policies with respect the "Attorney's Fees" claims.

19   113.   ATAIN desires a judicial determination with respect to the rights, duties,

20   and obligations of ATAIN as to the duty to indemnify CRP and CRAH against the

21   "Attorney's Fees" claims in the Underlying Action in order to bind CRP, CRAH, and

22   the WINIKOFFS to the determination of the Court.  Such a determination is necessary

23   and appropriate at this time in order that the parties may ascertain their respective

24   rights, duties and obligations.

25   114.   ATAIN has no adequate remedy at law to resolve the aforesaid

26   controversy.

27   / / /

28   / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-1339-6668.1                                    24
COMPLAINT FOR DECLARATORY RELIEF

WHEREFORE, ATAIN prays for judgment against CRP, CRAH, and the WINIKOFFS as follows:

1.     On the First Cause of Action for a declaration of this Court binding as to all Defendants which directs that the Policies provide no duty to indemnify Defendants in connection with the Breach of Contract, Negligent Misrepresentation, Breach of Civil Code Section 1102, and Rescission claims;

2.     On the Second Cause of Action for a declaration of this Court binding as to all Defendants which directs that the Policies provide no duty to indemnify Defendants in connection with the roofing components claims;

3.     On the Third Cause of Action for a declaration of this Court binding as to all Defendants which directs that the Policies provide no duty to indemnify Defendants in connection with the exterior cladding and stucco claims;

4.     On the Fourth Cause of Action for a declaration of this Court binding as to all Defendants which directs that the Policies provide no duty to indemnify Defendants in connection with the flashing claims;

5.     On the Fifth Cause of Action for a declaration of this Court binding as to all Defendants which directs that the Policies provide no duty to indemnify Defendants in connection with the decks claims;

6.     On the Sixth Cause of Action for a declaration of this Court binding as to all Defendants which directs that the Policies provide no duty to indemnify Defendants in connection with the balconies claims;

7.     On the Seventh Cause of Action for a declaration of this Court binding as to all Defendants which directs that the Policies provide no duty to indemnify Defendants in connection with the windows claims;

8.     On the Eighth Cause of Action for a declaration of this Court binding as to all Defendants which directs that the Policies provide no duty to indemnify Defendants in connection with the sliding glass doors claims;

/ / /



9.      On the Ninth Cause of Action for a declaration of this Court binding as to all Defendants which directs that the Policies provide no duty to indemnify Defendants in connection with the structural claims;

10.     On the Tenth Cause of Action for a declaration of this Court binding as to all Defendants which directs that the Policies provide no duty to indemnify Defendants in connection with the electrical claims;

11.     On the Eleventh Cause of Action for a declaration of this Court binding as to all Defendants which directs that the Policies provide no duty to indemnify Defendants in connection with the mechanical claims;

12.     On the Twelfth Cause of Action for a declaration of this Court binding as to all Defendants which directs that the Policies provide no duty to indemnify Defendants in connection with the HVAC claims;

13.     On the Thirteenth Cause of Action for a declaration of this Court binding as to all Defendants which directs that the Policies provide no duty to indemnify Defendants in connection with the plumbing claims;

14.     On the Fourteenth Cause of Action for a declaration of this Court binding as to all Defendants which directs that the Policies provide no duty to indemnify Defendants in connection with the mold and fungal growth claims;

15.     On the Fifteenth Cause of Action for a declaration of this Court binding as to all Defendants which directs that the Policies provide no duty to indemnify Defendants in connection with Attorney's Fees claims;

16.     For the Court to advance this cause of action on the Court's docket as provided by Rule 57 of the Federal Rules of Civil Procedure;

17.     To enjoin these Defendants from initiating or prosecuting any suit or action against ATAIN, including post judgment remedial action or garnishment, until such time as the Court has declared the rights and duties of the parties requested above;

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

18.    For costs of suit incurred herein, including attorneys' fees and costs, and

19.    For such other relief as the Court may deem just and proper.

DATED: July 27, 2020          LEWIS BRISBOIS BISGAARD & SMITH LLP
                              THOMAS E. MULVIHILL
                              JERRY GARCIA


                        By:      /s/ Thomas E. Mulvihill
                                    Thomas E. Mulvihill
                              Attorneys for Plaintiff
                              ATAIN SPECIALTY INSURANCE COMPANY